**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HOME INSTEAD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 15-cv-3200 |
| | ) | |
| BIJU KRISHNAN | ) | |
| and | ) | |
| NORTH SHORE CARE MANAGEMENT | ) | |
| CORP. d/b/a QUALICARE CHICAGO | ) | |
| NORTH SHORE | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Home Instead, Inc. ("Home Instead"), for its Complaint, by and through undersigned counsel, hereby alleges as follows against the defendants, Biju Krishnan ("Krishnan") and North Shore Care Management Corp. d/b/a Qualicare Chicago North Shore ("Qualicare"):

## Introduction

1.     This is an action for copyright infringement, arising from Defendants' unauthorized copying of Home Instead's copyrighted documents (collectively, "Copyrighted Works"), attached as **Exhibit A**.

2.     Home Instead operates a network of franchises in the home care services industry with the mission of enhancing the lives of aging adults and their families.  In the Chicago area, one of Home Instead's franchisees is North Shore Senior Services, Inc. d/b/a Home Instead Senior Care of the North Shore ("HI North Shore").

3.　　Krishnan was employed for over seven years by HI North Shore and received multiple promotions.　As an HI North Shore employee, Krishnan had extensive training and experience with Home Instead's Copyrighted Works.

4.　　Before voluntarily leaving the employ of HI North Shore, Krishnan incorporated his new company, Qualicare, and he submitted his initial application to the Illinois Department of Public Health for a Home Services Agency license for Qualicare.

5.　　As part of the Home Services Agency license application process, Defendants made unauthorized copies or unauthorized derivative copies of Home Instead's Copyrighted Works and submitted said copies to the Illinois Department of Public Health.　In certain of these documents, Defendants replaced the Home Instead logo and business name with the Qualicare logo and business name, and then submitted the altered materials as their own to the Illinois Department of Public Health.

6.　　The Defendants' unauthorized use of Home Instead's Copyrighted Works constitutes an infringement of Home Instead's copyrights.　Home Instead seeks damages and an injunction against Defendants, as well as destruction or other reasonable disposition of the infringing materials as Home Instead shall see fit, as remedies for Defendants' infringement.

### The Parties

7.　　Home Instead is a Nebraska corporation having its principal place of business at 13323 California Street, Omaha, Nebraska 68154.

8.　　Krishnan is a resident of Cook County, Illinois, residing at 8909 La Crosse Ave., Apt. 2A, Skokie, IL 60077.

9.　　On information and belief, Qualicare is an Illinois corporation having its principal place of business located at 500 Lake Cook Road, Suite 350, Deerfield, Illinois 60015, and has a

2

registered agent for service of process in Illinois, Krishnan, located at 8909 La Crosse Ave., Apt. 2A, Skokie, IL 60077.

10.     On information and belief, Krishnan is the president, a director, and the majority shareholder of Qualicare.

## Jurisdiction and Venue

11.     This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. § 101 et seq.

12.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(a), because, among other reasons, Defendants are subject to personal jurisdiction in this district and a substantial part of the events giving rise to the claim in this action occurred here.

## Factual Background

13.     Home Instead is the franchisor for the Home Instead Senior Care® network of independently owned and operated franchised businesses that provide in home care services to seniors with the mission of enhancing the lives of aging adults and their families.  Home Instead began in 1994 by serving a small number of families in the Omaha, Nebraska area.  Today, Home Instead's network includes more than 950 franchise offices in 15 global markets.

14.     Home Instead's franchisees provide non-medical home care services, including but not limited to: providing home helper services; housekeeping; assistance with laundry and ironing; disposal of trash; preparing and cleaning up meals; dusting; picking up and dropping off dry cleaning; retrieving prescriptions; assisting with pet care; transportation to appointments, events, and meals; assistance with eating, grooming, dressing, bathing, incontinence, cognitive impairment and mobility; companionship services; reminding customers to take medications; supervising home maintenance; and preparing grocery lists.

3

15.     To ensure consistent quality and care, Home Instead distributes its Copyrighted Works to franchisees for use in connection with training and carrying out services as a franchisee for Home Instead.

16.     Home Instead's proprietary materials have been carefully developed since Home Instead's inception in 1994, and are important to its success in its highly specialized and competitive business.

17.     Home Instead has been using its Copyrighted Works in their current form, for which applications for registration have been filed, since 2001 for the CAREGiver Position Descriptions and since 2006 for the CAREGiver Job Description.

18.     In the Chicago area, one of Home Instead's franchisees is HI North Shore.

19.     Home Instead distributed its Copyrighted Works to HI North Shore.

20.     Krishnan was employed by HI North Shore from June 4, 2007 to September 12, 2014.  Krishnan submitted a letter of resignation on August 11, 2014 with an effective date of September 12, 2014.  Krishnan's last day at the HI North Shore office was August 21, 2014.  He received a salary through September 12, 2014.

21.     Krishnan was initially hired by HI North Shore for a recruiting manager position. In 2010, he was promoted to staffing manager, and in 2011, he was promoted to Director of Staffing.

22.     Krishnan's job duties at HI North Shore included coordinating employee and client schedules, managing employees, and fielding after-hours support calls for scheduling or sales calls from prospective clients.

23.     Krishnan incorporated Qualicare on July 24, 2014, while still employed by HI North Shore.

24.     Defendants submitted their initial application to the Illinois Department of Public Health for a Home Services Agency license for Qualicare on or about September 1, 2014, before the effective date of Krishnan's resignation from HI North Shore.

25.     With the initial application, Defendants included attachments, entitled "Service Description" and "CAREGIVER JOB DESCRIPTION", which in whole or substantial part are copies of Home Instead's Copyrighted Works.

26.     Throughout Defendants' licensure application process, starting on or about September 1, 2014, and continuing through and including at least February 5, 2015, Defendants submitted revised, unauthorized derivative versions of the documents originally submitted to the Illinois Department of Public Health on or about September 1, 2014.

27.     On information and belief, Defendants willfully or knowingly copied Home Instead's Copyrighted Works, without authorization, and did so in order to pass them off as their own in the process of the application for licensure.

## CLAIM FOR RELIEF

### (Copyright Infringement – 17 U.S.C. § 501)

28.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 27 as if fully restated here.

29.     Home Instead is the author and owner of a valid copyright in its Copyrighted Works since the fixation of the works, which occurred in 2001 for the CAREGiver Position Descriptions and in 2006 for the CAREGiver Job Description, pursuant to the Copyright Act, 17 U.S.C. § 102.

30.     Home Instead applied for copyright registration for its Copyrighted Works on April 8, 2015.

5

31.     Krishnan had access to Home Instead's Copyrighted Works in the course of his role an employee of HI North Shore for over seven years.

32.     Defendants' unauthorized copies are substantially similar to Home Instead's Copyrighted Works, as they are only slightly changed, in some cases with Defendants replacing the Home Instead logo or business name with the Qualicare logo or business name, and where much of the rest of the text and formatting remains substantially the same. When Defendants copied Home Instead's Copyrighted Works, Defendants committed a substantial taking of each work within the Copyrighted Works.

33.     In copying and altering Home Instead's Copyrighted Works without authorization, Defendants infringed upon Home Instead's exclusive rights to reproduce and prepare derivative works based upon the Copyrighted Works under the Copyright Act, 17 U.S.C. § 106.

34.     Home Instead has been damaged by Defendants' infringement, and the Defendants have unjustly profited from it, in an amount to be determined at trial.

### Prayer For Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

A.     Finding that Defendants have infringed Home Instead's copyrights in the Copyrighted Works;

B.     Granting a preliminary and permanent injunction prohibiting Defendants and all those acting in concert with them, from copying in whole or substantial part or preparing derivative works from Home Instead's Copyrighted Works, without Home Instead's authorization;

C.     Ordering Defendants to deliver to Home Instead's counsel all infringing copies and derivatives of the Copyrighted Works that were the subject of this lawsuit, in Defendants' possession or within Defendants' control, for destruction or other reasonable disposition as Home Instead shall see fit;

D.     Requiring Defendants to provide Home Instead an accounting for all profits acquired as a result of operating Defendants' business using unauthorized copies of the Copyrighted Works;

E.     Awarding Home Instead its damages or Defendants' profits as a result of Defendants' infringement of Home Instead's copyrights;

F.     Award Home Instead its costs in this action; and

G.     Award Home Instead such other and further relief as this Court deems just and appropriate.

7

## **Jury Demand**

Plaintiff demands trial by jury on all issues triable to a jury in this case.

Dated: April 10, 2015                  Respectfully submitted,

HUSCH BLACKWELL LLP

/s/ Sherry L. Rollo_____
Louise T. Walsh
Sherry L. Rollo
Husch Blackwell LLP
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
(312) 655-1500
(312) 655-1501 (fax)
Louise.walsh@huschblackwell.com
Sherry.Rollo@huschblackwell.com

*Attorney for Home Instead, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel for Plaintiff, Home Instead, Inc., hereby certifies that on April 10, 2015, a true and correct copy of the foregoing **Complaint** was filed with the Court and served electronically by the Court's CM/ECF System to all registered users.

_/s/ Sherry L. Rollo_____
Attorney for Home Instead, Inc.

9